IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 19-3113 JB |
| | ) | |
| **ROSEANNE ROMERO,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

ROSEANNE ROMERO, and the Defendant's counsel, AHMAD ASSED, Esq. and BRITANY

SCHAFFER, Esq.:

### REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

    a.      to plead not guilty, or having already so pleaded, to persist in that plea;

    b.      to have a trial by jury; and

    c.      at a trial:

        i.      to confront and cross-examine adverse witnesses,

ii.     to be protected from compelled self-incrimination,

iii.    to testify and present evidence on the Defendant's own behalf, and

iv.     to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to an information, charging a violation of 21 U.S.C. §§ 846, that being Conspiracy to possess with intent to distribute and distribution of 28 grams and more of cocaine base, in violation of 841(a)(1), (b)(1)(B), a mixture and substance containing a detectable amount of heroin, in violation of 841(a)(1) and (b)(1)(C), and a a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of 841(a)(1) and (b)(1)(C).

## SENTENCING

4.      The Defendant understands that the minimum and maximum penalty provided by law for this offense is:

a.      imprisonment for a period of not less than five years and not more than 40 years;

b.      a fine not to exceed the greater of $5,000,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.      a term of supervised release of not less than four years and not more than life to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

2

      d.  a mandatory special penalty assessment of $100.00; and

      e.  restitution as may be ordered by the Court.

5.      The Defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f)(1)-(5), as amended by Section 402 of the First Step Act, Pub. L. 115-391, effective December 21, 2018.   The parties further recognize that the safety valve provisions of USSG §§ 2D1.1(b)(18) and 5C1.2 have not yet been amended to comport with the changes applied by the First Step Act to 18 U.S.C. § 3553(f). If the Defendant establishes eligibility for each of the elements in § 3553(f)(1)-(5) and USSG § 5C1.2, the Defendant would be entitled pursuant to USSG § 2D1.1(b)(18) to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and the sentence imposed could be less than any statutory minimum sentence that would otherwise apply. If the Defendant establishes eligibility for each of the elements in § 3553(f)(1)-(5) as amended by the First Step Act but does not qualify under USSG § 5C1.2, the United States agrees that the Defendant may receive a two-level reduction in the Sentencing Guidelines offense level as a variance and the sentence imposed could be less than any statutory minimum sentence that would otherwise apply. The Defendant agrees, in exchange for the United States' recommendation of this two-level downward variance, that the Defendant will not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the Court grants the two-level variance and the Sentencing Commission amends § 5C1.2 to reflect the safety valve provisions in the First Step Act.

6.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

7.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Information: 21 U.S.C. § 846, that being Conspiracy to Possess with Intent to Distribute and Distribution of 28 Grams and More of Cocaine Base; Possess with Intent to Distribute and Distribution of a Mixture and Substance Containing Heroin; and Possess with Intent to Distribute and Distribution of a Mixture and Substance Containing a Detectable Amount of of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide)

*First*:   two or more persons agreed to violate the federal drug laws;

*Second*: the defendant knew the essential objective of the conspiracy;

*Third*: the defendant knowingly and voluntarily involved himself in the conspiracy; and

*Fourth*: there was interdependence among the members of the conspiracy.

*Fifth*:   the overall scope of the conspiracy involved 28 grams and more of cocaine base; a mixture and substance containing heroin; and a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

## DEFENDANT'S ADMISSION OF FACTS

8.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory

4

minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

Beginning on or about October 17, 2018, and continuing until on or about November 8, 2018, I, RoseAnne Romero, admit that I knowingly and voluntarily conspired with other defendants to possess with intent to distribute and distribution of cocaine base, heroin, and fentanyl.   I participated in the possession with intent to distribute and distribution of controlled substances with others for mutual, monetary gain.

In furtherance of this conspiracy, I admit that I participated in the following calls over Padilla Phone 1 and/or Romero Phone 1:   On November 2, 2018, in intercepted session no. 4173, I acknowledge that I weighed out and provided two "zips" of "the hard," referring to two ounces of crack cocaine, to a co-defendant. In session no. 4668, intercepted on November 6, 2018, I acknowledge that I discussed having 250 fentanyl pills, and selling each pill for $5.00, with a co-defendant. In session no. 4705, intercepted on November 6, 2018, I was directed to give two of the hard (two ounces of crack cocaine) to an uncle of a co-defendant, which I did. There were additional intercepted calls where I refer to heroin as "black" or "dark," and I also admit to providing drug proceeds to a co-defendant.

These events all happened within the State of New Mexico, Bernalillo and San Miguel counties.

9.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to

determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.     At least 113.4 grams of cocaine base, 56.7 gram of heroin, and 396 fentanyl pills are attributable to the Defendant.   Accordingly, the parties agree that the Defendant's base offense level under the sentencing guidelines is 26, pursuant to USSG § 2D1.1(c)(7).

b.     As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).   This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction.   Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this

agreement and the sentencing hearing.   Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

c.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

11.      Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

12.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to

information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

13.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

15.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

16.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of

8

any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL RIGHTS

17.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number.   The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. §  3582(c)(1)(A).   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

18.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.     Following sentencing, the United States will move to dismiss the indictment.

b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment or information.

19.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

20.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

21.    The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

22.    At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

23.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement

is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 2nd day of _June_____, 2021.

FRED J. FEDERICI
Acting United States Attorney

*Elaine Y. Ramirez*

ELAINE Y. RAMÍREZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

AHMAD ASSED
BRITANY SCHAFER
Attorneys for the Defendant

I have carefully discussed every part of this agreement with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

ROSEANNE ROMERO
Defendant

4